STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Steve@hbsslaw.com

LEE M. GORDON (State Bar No. 174168)
HAGENS BERMAN SOBOL SHAPIRO LLP
700 South Flower St., Suite 2940
Los Angeles, CA 90017-4101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Lee@hbsslaw.com

WILLIAM REHWALD (State Bar No. 51396)
LAWRENCE GLASNER (State Bar No. 142677)
DANIEL CHALEFF (State Bar No. 173028)
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd. Suite 400
Woodland Hills, CA 91367-4600
Telephone: (818) 703-7500
DChaleff@rehwaldlaw.com

Attorneys for Plaintiffs and the Putative Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GREWE, an individual; ERIC KABEL, an individual; DENNIS VANHORN, an individual; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, <br><br> Defendant. | No. CV 10 2208 <br><br> **CLASS ACTION (FRCP 23)** <br><br> **RULE 23 COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

EDL

FILED
2010 MAY 21  P 3: 58
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NO. DIST. OF CALIFORNIA

E-filing

371802 V3

1      Plaintiffs Raymond Grewe. Eric Kabel, and Dennis VanHorn, individually and on behalf of

2    all others similarly situated, by and through their undersigned attorneys and for their Rule 23 Class

3    Action Complaint and Demand for Jury Trial (the "Complaint") against Defendant Schneider

4    National Carriers, Inc. ("Schneider National"). allege upon personal knowledge and belief as to

5    their own acts. and upon information and belief (based upon the investigation of their counsel) as

6    to all other matters. as to which allegations they believe substantial evidentiary support will exist

7    after a reasonable opportunity for further investigation and discovery. as follows:

8             **I.    NATURE OF THE CASE**

9      1.    This Complaint asserts claims against Defendant for violations of California Labor

10   Code §§ 201-03, 221. 223, 226, 226.7. 512. 1182.11. 1182.12, 1194, 1194.2. 1197. 1198, Bus. &

11   Prof. Code § 17200 *et seq.*. and the applicable wage order issued by the Industrial Welfare

12   Commision for the Transportation Industry ("IWC Wage Order"). and for breach of contract law

13   principles.

14      2.    This action is brought as a class action on behalf of all persons who are or were

15   employed by Schneider National in California, at any time from November 25. 2004 to the present,

16   in one of the following three types of non-salaried positions:  (a) Intermodal service truck drivers

17   ("Intermodal Service Drivers"): (b) Dedicated service truck drivers ("Dedicated Service Drivers");

18   or (c) Regional service truck drivers ("Regional Service Drivers") (collectively. "Drivers").

19   Drivers within each employment position perform substantially similar job duties. and are paid

20   under substantially similar compensation schemes.

21      3.    A four (4) year statute of limitations applies to the Unfair Competition Law claim:

22   shorter periods may apply to other claims.

23      4.    California's overtime provisions set forth in IWC Wage Order No. 9-2001 (§3) do

24   not apply to Drivers.  But for all other purposes. Drivers are non-exempt employees under

25   California law entitled to the other protections afforded to non-exempt employees under the

26   California Labor Code.

27      5.    Plaintiffs are informed and believe that Defendant Schneider National is a major

28   provider of transportation. logistics. and related services.  Schneider National reports serving more

- 1 -

Rule 23 Complaint

than 80% of the Fortune 500 companies, offering a broad portfolio of services. Schneider National owns a fleet of more than 10,000 trucks, and employs more than 10,000 company drivers nationwide. Schneider National operates its trucking business throughout California.

6.      At all relevant times herein, and with certain defined exceptions, Defendant's non-salaried compensation schemes did not fairly compensate Drivers for all hours worked. The non-salaried compensation schemes included some combination of mileage-based pay and activity-based pay.

7.      Defendant paid non-salaried Drivers for driving time through "Mileage Pay" (also called "Linehaul") as an amount per mile.

8.      Intermodal Service Drivers also received "Load Pay", which involved a piece rate for completing a freight delivery (e.g., $36 per delivered load).

9.      Defendant also paid for certain defined activities, for example, through "Accessorial Pay", which included supplemental payments for specific activities such as: (a) Detention Time (e.g., waiting for customers, but only after 2 hours of waiting without pay); (b) Loading/Unloading Premiums (e.g., physical handling of freight for customer); and (c) Stop-Offs (extra stops in route, but only after making an initial customer delivery without pay).

10.     Defendant did not, however, compensate Drivers for all remaining hours worked each day. Most significantly, Defendant did not compensate Drivers for the majority of their time spent: (i) waiting on customers ("Customer Time"); (ii) waiting on loading/unloading of shipments ("Load/Unload Time"); or (iii) waiting between assignments for dispatch ("Gap Time"). Customer Time, Load/Unload Time, and Gap Time are collectively referred to in this Complaint as "Waiting Time".

11.     Moreover, with limited defined exceptions, Defendant did not compensate Drivers for other routine non-driving work tasks, including *without limitation*, inspecting vehicles, fueling vehicles, and completing daily paperwork (collectively referred to herein as "Common Unpaid Tasks").

12.     In addition, Dedicated Service Drivers and Regional Service Drivers did not receive Load Pay and were not compensated for delivering shipments or otherwise waiting for shipments

- 2 -

Rule 23 Complaint

1    to be loaded or unloaded.

2        13.    Furthermore, as a matter of policy and/or practice, Defendant did not pay Drivers at

3    least minimum wages for actual miles driven in excess of pre-determined average mileage

4    estimates on select routes. Defendant's average mileage estimates systematically denied these

5    Drivers compensation for actual miles driven on Company recommended routes above the

6    abbreviated mileage estimates. Moreover, Defendant permitted Drivers to take alternative routes

7    on behalf of the Company and its customers, but regardless, Defendant did not compensate for

8    additional miles driven on alternative routes.

9        14.    The failure to pay minimum wages to Drivers for hours worked violated Labor

10   Code §§ 1182.11, 1182.12, 1194, 1197, IWC Wage Order No. 9-2001 (§ 4), and California's

11   Unfair Competition Laws, Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

12       15.    Likewise, the failure to pay Drivers for each and every hour worked at rates

13   designated by statute and contract violated Labor Code §§ 221 and 223, IWC Wage Order No. 9-

14   2001, and the UCL.

15       16.    The failure to pay at least minimum wages to Drivers for each and every hour

16   worked, and the failure to pay for time spent driving in excess of mileage estimates in accordance

17   with the designated rates, warrants liquidated damages under Labor Code § 1194.2.

18       17.    As a matter of policy and/or practice, Defendant also failed to accurately report on

19   employee's itemized statements the correct gross wages, the total hours worked, the proper hourly

20   rates, and/or the corresponding number of hours worked at each hourly rate, and Defendant failed

21   to keep adequate records of meal break periods, all in violation of the California Labor Code §§

22   226, IWC Wage Order No. 9-2001 (§ 7), and the UCL.

23       18.    The failure to provide accurate itemized wage statements warrants statutory

24   penalties under Labor Code § 226(e).

25       19.    As a matter of policy and/or practice:

26           (a)    Defendant declined to provide Drivers with a first meal period of not less

27                than thirty (30) minutes during which they are relieved of all duty before

28                working more than five (5) hours;

- 3 -

Rule 23 Complaint

      (b)    Defendant declined to provide Drivers with a second meal period of not less than 30 minutes during which they are relieved of all duty before working more than 10 hours per day, and

      (c)    Defendant failed to pay Drivers one hour of pay at their regular rate of compensation for each workday that a meal period was not provided.

20.    As a matter of policy and/or practice:

      (a)    Defendant denied paid rest periods of ten (10) minutes during which employees are relieved of all duty for each four (4) hours of work; and

      (b)    Defendant failed to pay Drivers one hour of pay at their regular rate of compensation for each workday that a rest period was not provided.

21.    The failure to permit and provide meal periods and rest periods as described herein violates California Labor Code §§ 226.7 and 512, IWC Wage Order 9-2001 (§§ 11 and 12), and the UCL.

22.    Defendant also willfully failed and refused to timely pay all compensation due and owing to Drivers whose employment terminated during the Class period, as required by Labor Code §§ 201 and 202.  As a result, Defendant is liable for accrued wages due upon termination, and waiting time penalties owed in accordance with Labor Code § 203.

23.    In this putative Class action, Plaintiffs seek for themselves and all others similarly situated, damages and penalties for violations of the California Labor Code and applicable IWC Wage Order, and payment of restitution of all sums wrongfully obtained by Defendant in violation of the UCL.

## II.    JURISDICTION AND VENUE

24.    The Plaintiffs and unnamed class members are principally citizens of California, while Defendant Schneider National is a citizen of other States.  Plaintiffs are informed and believe that Schneider National is a Nevada corporation with its principle place of business in the State of Wisconsin.  The aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.  Therefore, this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

- 4 -

Rule 23 Complaint

25.     This Court has personal jurisdiction over the parties because Plaintiffs and the members of the proposed Class submit to the personal jurisdiction of this Court, and Defendant Schneider National systematically and continually does business in the County of San Francisco, and throughout California.

26.     Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district. Moreover, all claims asserted herein arise under California law with respect to California-based employment, which includes employees working in the County of San Francisco, California.

27.     **Intradistrict Assignment:** Assignment to the San Francisco or Oakland division of this Court is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in this district. Because this action arises in the county of San Francisco (among others within this district), pursuant to Northern District of California, Local Rule 3-2(d), assignment to either the San Francisco Division or the Oakland Division is proper.

### III.     THE PARTIES

28.     Plaintiff Raymond Grewe ("Grewe") resides in the County of Riverside, California. From October 2009 to February 2010, Schneider National employed Grewe as an Intermodal Service Driver based out of Fontana, California.   At all times while employed by Schneider National, Grewe routinely worked certain hours performing Common Unpaid Tasks for which he did not receive minimum wages or wages at a rate designated by statute and/or contract.   Grewe regularly spent time waiting on customers and waiting on dispatch, but he was not compensated for such Customer Time or Gap Time.   Grewe also routinely drove actual miles in excess of abbreviated mileage estimates on select routes, without being paid for driving the extra miles. Grewe also routinely worked shifts without being provided each legally-required meal break; worked shifts without being authorized, permitted to take, and provided with each legally-required duty-free paid rest break; worked without receiving meal period or rest period wages; worked pay periods without receiving accurate itemized wage statements; and worked pay periods without receiving all wages due from Defendant upon termination of his employment.

29.     Plaintiff Eric Kabel ("Kabel") resided in the County of Los Angeles, California

- 5 -

Rule 23 Complaint

from November 2008 to about June 2009, and resided in the County of San Bernardino, California from June 2009 through about December 2009, during which periods he was employed by Schneider National as a Dedicated Service Driver based out of Fontana, California. Currently, Plaintiff Kabel resides in the County of Pinal, Arizona. At all times while employed by Schneider National (excluding time off for a work-related injury), Kabel routinely worked certain hours performing Common Unpaid Tasks, making deliveries, and waiting on his customer, for which he did not receive minimum wages or wages at a rate designated by statute and/or contract. Moreover, Kabel did not receive Load Pay and was not regularly compensated for delivering shipments or Load/Unload Time. Kabel also routinely drove actual miles in excess of abbreviated mileage estimates on select routes, without being paid for driving the extra miles. Kabel also routinely worked shifts without being provided each legally-required meal break; worked shifts without being authorized, permitted to take, and provided with each legally-required duty-free paid rest break; worked without receiving meal period or rest period wages; worked pay periods without receiving accurate itemized wage statements; and worked pay periods without receiving all wages due from Defendant upon termination of his employment.

30.    Plaintiff Dennis VanHorn ("VanHorn") resides in the County of Riverside, California. From November 2008 to May 2009, Schneider National employed VanHorn as a Regional Service Driver based out of Fontana, California. At all times while employed by Schneider National, VanHorn routinely worked certain hours performing Common Unpaid Tasks, making deliveries, and waiting for customers (Customer Time), for which he did not receive minimum wages or wages at a rate designated by statute and/or contract. VanHorn did not receive Load Pay and was not regularly compensated for delivering shipments or Load/Unload Time. In addition, VanHorn was not compensated for extended periods of the workday during which he remained in transit, on-call, in or by a Schneider National truck, waiting for further assignments from dispatch (i.e., Gap Time). VanHorn also routinely drove actual miles in excess of abbreviated mileage estimates on select routes, without being paid for driving the extra miles. VanHorn also routinely worked shifts without being provided each legally-required meal break; worked shifts without being authorized, permitted to take, and provided with each legally-required duty-free paid

- 6 -

Rule 23 Complaint

1  rest break: worked without receiving meal period or rest period wages: worked pay periods without

2  receiving accurate itemized wage statements: and worked pay periods without receiving all wages

3  due from Defendant upon termination of his employment.

4      31.    Defendant Schneider National Carriers. Inc. was and is a corporation organized and

5  existing under the laws of the State of Nevada.  Schneider National was and is doing business

6  throughout the State of California with substantial contacts in California and with business

7  locations dispersed throughout Northern and Southern California, including the County of San

8  Francisco.

9      32.    At all relevant times herein. Schneider National served as Plaintiffs' and Class

10  members' employer. within the meaning of the Labor Code and IWC Wages Orders.

11      IV.    RELATED CLASS ACTION FILINGS

12      33.    On November 25. 2008. a putative class action complaint captioned *Morris Bickley*

13  *v. Schneider National. Inc. et al.* (CV-08-5806) (the "First-Filed Complaint"). was filed in the

14  United States District Court, Northern District of California. on behalf of:  "(1) all former

15  employees of Defendant who were employed in California from November 25. 2004 through the

16  present who were not paid at the end of their employment all vested unused vacation wages.

17  including floating holidays. personal days. and other paid time off benefits: (2) all past and

18  [present] employees of Defendants employed in California from November 25. 2004 through the

19  present as Truck Drivers who worked more than six (6) hours in any work shift: (3) all past and

20  [present] employees of Defendants employed in California from November 25. 2004 through the

21  present as Truck Drivers who received itemized wage statements: (4) all past and present

22  employees of Defendants employed in California from November 25. 2004 through the present

23  who were paid on a mileage basis" (the "Bickley Action").

24      34.    On February 11. 2009. a putative class action complaint captioned *Michael D.*

25  *Patton v. Schneider National Carriers, Inc. et al.* (CV-09-01010). was filed in the United States

26  District Court. Central District of California, on behalf of: "All of Defendants' California-based.

27  local and regional Dedicated and Intermodal drivers (or similarly-titled employees) who worked

28  for Defendants during the Relevant Time Period" (the "Patton Action").

Rule 23 Complaint

35.     On January 12, 2010, a First Amended Complaint was filed in the Northern District of California, consolidating the Bickley Action and the Patton Action (the "Bickley-Patton Action"), and asserting claims on behalf of the Class of individuals re-defined as:   "All of Defendants' (A) California-based, local and regional Dedicated; and (B) California-based, local and regional Intermodal drivers (or similarly-titled employees) (i.e., Covered Position(s)") who worked for Defendants during the Relevant Time Period [11/25/2004 to trial]."

36.     This action captioned above as *Raymond Grewe et. al. v. Schneider National Carriers, Inc.* (the "Grewe Action"), relates to the Bickley-Patton Action insofar as both actions involve claims arising out of a common set of facts, and both actions allege claims against Defendant Schneider National for violating its employer obligations owed to California-based truck drivers.

## V.     PRIVATE ATTORNEYS GENERAL ACT OF 2004

37.     Plaintiffs are informed and believe that - pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698 *et seq.* - the Labor Workforce and Development Agency ("LWDA") received notice of Defendant's violations of the California Labor Code (including penalties due under §§ 225.5 and 558) and violations of IWC Wage Order No. 9-2001 in conjunction with the Bickley Action and/or Patton Action.  In or before July 2009, the LWDA sent a letter confirming that it will not be investigating the alleged violations.

38.     In addition, on or about May 21, 2010, Plaintiffs in the above-captioned Grewe Action gave notice to the LWDA with respect to the Labor Code violations set forth herein.

39.     The failure to pay at least minimum wages to Drivers for each and every hour worked, and the failure to pay for time spent driving in excess of mileage estimates in accordance with the designated rates, will warrant civil penalties under Labor Code §§ 225.5, 558, and 1197.1. The failure to provide accurate itemized wage statements, and the failure to maintain adequate wage records, will warrant civil penalties under Labor Code § 226.3.  The failure to pay meal period and rest period wages to Drivers will warrant civil penalties under Labor Code § 558.  This Complaint may be amended at a later date to seek these civil penalties under PAGA.

- 8 -

Rule 23 Complaint

## VI.   BACKGROUND

**A.   Employment at Schneider National**

40.     Defendant Schneider National provides transportation services throughout California.  Defendant owns a fleet of trucks and employs thousands of drivers throughout this State.

41.     Drivers at Schneider National are generally responsible for driving trucks and delivering freight from one point to another.  Their work tasks include (among others):  locating, inspecting, fueling, and maintaining vehicles, verifying loads, planning routes and trips, completing daily logs and shipping documents, completing other paperwork, using the onboard computer system, waiting for customers, waiting on loading and unloading of shipments, and waiting for dispatch.

42.     Schneider National's Intermodal Service Drivers perform substantially similar job duties.  The Intermodal Service Drivers are generally assigned to pick up and transport freight to and from railways.  Their work tasks include (among others):  inspecting, fueling, and maintaining tractors/trailers, locating trailer loads at rail yards, verifying loads, planning routes and trips, delivering shipments, completing daily logs and shipping documents, using the onboard computer system, waiting on shipping/receiving personnel, waiting on loading and unloading of shipments, and waiting for dispatch.

43.     Schneider National's Dedicated Service Drivers perform substantially similar job duties.  Schneider National's Dedicated Service Drivers are assigned to make shipments for a single shipper like Wal-Mart.  Their work tasks include (among others):  inspecting, fueling, and maintaining tractors/trailers, locating tractors/trailers at operating centers and distribution centers, verifying loads, planning routes and trips, delivering shipments, completing daily logs and shipping documents, using the onboard computer system, waiting for customers, waiting on loading and unloading of shipments, and waiting for dispatch.

44.     Schneider National's Regional Service Drivers perform substantially similar job duties.  Schneider National's Regional Service Drivers are assigned to make shipments for a

- 9 -

Rule 23 Complaint

variety of shippers operating within defined networks in a defined region (in this case, the West region). Regional Service Drivers are not assigned to a single shipper. Their work tasks include (among others): inspecting, fueling, and maintaining tractors/trailers, locating tractors/trailers at operating centers and distribution centers, verifying loads, planning routes and trips, delivering shipments, completing daily logs and shipping documents, using the onboard computer system, waiting for customers, waiting on loading and unloading of shipments, and waiting for dispatch.

45. Plaintiff Grewe worked as an Intermodal Service Driver. He typically worked well in excess of ten (10) hours per day, and five (5) days per week. He was not regularly compensated for all hours worked performing Common Unpaid Tasks, Customer Time, or Gap Time. In addition, he drove actual miles for Defendant for which he did not receive compensation.

46. Plaintiff Kabel worked as a Dedicated Service Driver for Wal-Mart. He typically worked well in excess of 10 hours per day, and 5 or more days per week. He was not regularly compensated for all hours worked performing Common Unpaid Tasks, Customer Time, or Load/Unload Time. In addition, he drove actual miles for Defendant for which he did not receive compensation.

47. Plaintiff VanHorn worked as a Regional Service Driver for various shippers in Schneider National's Western Region. As a California-based employee, VanHorn spent the majority of his time working in California. He typically worked well in excess of ten (10) hours per day, and five (5) or more days per week. He was not regularly compensated for all hours worked performing Common Unpaid Tasks or Waiting Time. In addition, VanHorn drove actual miles for Defendant for which he did not receive compensation.

**B.   Defendant Schneider National's Failure to Pay Minimum Wages and Designated Rates**

48. IWC Wage Order No. 9-2001 defines "hours worked" to mean "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

49. Defendant suffered or permitted Drivers to work portions of the day for which Defendant failed to compensate them. Drivers were subject to Defendant's control during this

- 10 -

Rule 23 Complaint

1   time.

2        50.     Labor Code § 1182.11 effectively provided that, from and after March 1, 1998, the

3   minimum wage for all industries shall not be less than five dollars and seventy-five cents ($5.75)

4   per hour.

5        51.     On or about January 1, 2001, the minimum wage in California was raised to six

6   dollars and twenty-five cents ($6.25) per hour.

7        52.     On or about January 1, 2002, the minimum wage in California was raised to six

8   dollars and seventy-five cents ($6.75) per hour.

9        53.     Labor Code § 1182.12 and IWC Wage Order No. 9-2001 (§4) effectively provided

10   that from January 1, 2007 through December 31, 2007, the minimum wage shall be not less than

11   seven dollars and fifty cents ($7.50) per hour; on and after January 1, 2008, the minimum wage

12   shall be not less than eight dollars ($8.00) per hour.

13        54.     Labor Code § 1194(a) provides in relevant part: "Notwithstanding any agreement to

14   work for a lesser wage, any employee receiving less than the legal minimum wage [] is entitled to

15   recover in a civil action the unpaid balance of the full amount of this minimum wage [], including

16   interest thereon, reasonable attorney's fees, and costs of suit."

17        55.     Labor Code § 1194.2(a) provides in relevant part: "In any action under Section

18   1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum

19   wage fixed by an order of the commission, an employee shall be entitled to recover liquidated

20   damages in an amount equal to the wages unlawfully unpaid and interest thereon."

21        56.     Labor Code § 1197 provides: "The minimum wage for employees fixed by the

22   commission is the minimum wage to be paid to employees, and the payment of a less wage than

23   the minimum so fixed is unlawful."

24        57.     Plaintiffs are informed and believe and therefore allege that Defendant's

25   compensation schemes did not fairly compensate Drivers for all hours spent performing the

26   Common Unpaid Tasks, for making deliveries, and for Waiting Time.

27        58.     Among other things, Schneider National excercises considerable control over

28   employees during Waiting Time.  For example, during Customer Time, Drivers must wait at

Rule 23 Complaint

1  designated facilities for shipping or receiving personnel to accept and/or provide paperwork, and to
2  commence loading or unloading a shipment. During Load/Unload Time. Drivers must wait for a
3  shipment to be loaded or unloaded at the designated facilities. During Gap Time. Drivers must
4  wait on-call between assignments for dispatch to provide further directions while they are on the
5  road. while monitoring the onboard computer system. while staying near their tractors/trailers,
6  while being available to promptly accept re-assignment. and without using the tractors/trailers for
7  personal errands. Schneider National regularly monitors the tractors/trailers through its GPS
8  system.

9        59.     Furthermore. as a matter of policy and/or practice, Defendant only paid Drivers for
10  driving time based on computerized estimates of the shortest mileage on select routes (i.e.. based
11  on the Household Movers Guide, or "HHMG"). without compensating Drivers for the time spent
12  driving in excess of the pre-determined mileage estimates. Defendant's mileage estimates based on
13  the HHMG shortest routes ("HHMG Shortest Route Estimates") were routinely less than the actual
14  miles driven by the Company's employees in route. and less than the practical miles warranted to
15  make deliveries for Schneider National customers. As a result, Defendant systematically failed to
16  pay Drivers for hours spent driving in excess of the pre-determined mileage estimates.

17        60.     The failure to pay at least minimum wages to Drivers for each and every hour
18  worked violated Labor Code §§ 1182.11, 1182.12. 1194. 1194.2. 1197, IWC Wage Order No. 9-
19  2001 (§4). and the UCL.

20        61.     The failure to compensate for the Common Unpaid Tasks. for certain deliveries. for
21  Waiting Time. and for time spent driving in excess of mileage estimates according to rates
22  designated by statute and/or contract violated Labor Code §§ 221 and 223. IWC Wage Order No.
23  9-2001, and the UCL.

24        62.     In California, a contract of employment is a contract by which one. who is called the
25  employer. engages another. who is called the employee. to do something for the benefit of the
26  employer or a third person. *See* California Labor Code § 2850. Schneider National. as employer.
27  engaged the Drivers. as employees. to drive trucks and make deliveries for the benefit of Schneider
28  National and its customers. The failure by Schneider National to compensate for all miles actually

- 12 -

Rule 23 Complaint

driven by the Drivers, and the failure to pay for all practical miles warranted by the actual deliveries, violated the contract of employment and the implied covenant of good faith and fair dealing.

**C.    Defendant's Failure to Maintain Adequate Employment Records and Failure to Provide Accurate Itemized Wage Statements**

63.    At all times relevant hereto, Labor Code § 226 and IWC Wage Order No. 9-2001 required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing gross wages, total hours worked, all applicable hourly rates worked during each pay period, the corresponding number of hours worked at each hourly rate, and meal breaks taken.

64.    Defendant's itemized wage statements do not show all wages earned, all hours worked, or all applicable rates, in violation of the California Labor Code § 226, the applicable IWC Wage Order, and the UCL.

65.    For example, the itemized wage statements for Plaintiffs Grewe, Kabel, and VanHorn did not include the proper number of hours worked, the proper rates that they were entitled to under California Law, or the proper wage amounts.

66.    Moreover, Defendant did not maintain adequate records of all wages earned, hours worked, applicable rates, and meal breaks taken.

**D.    Defendant's Failure to Provide Meal Periods**

67.    At all times relevant hereto, Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001 (§ 11) required employers to provide employees with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours and a second meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than 10 hours per day.

68.    Labor Code § 226.7(b) and the applicable IWC Wage Order require employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper meal period is not provided.

69.    Plaintiffs Grewe, Kabel, and VanHorn each regularly worked more than ten (10)

- 13 -

Rule 23 Complaint

1   hours per workday, but they did not regularly receive two or more duty-free thrity-minute (30)

2   meal periods in accordance with California law, and they did not receive meal period wages for

3   their missed meal periods.

4        70.    Plaintiffs are informed and believe and therefore allege that Defendant did not

5   effectively communicate California meal period requirements to its Drivers, ignored reports

6   confirming that Drivers were not receiving meal periods in accordance with California law, failed

7   to implement scheduling accommodations to enable Drivers to take proper meal periods, and

8   adopted compensation plans that discouraged Drivers from taking proper meal periods.

9        71.    Defendant also had a computerized system on each truck that keeps track of various

10   aspects of the Drivers' activities, such as speed, starts and stops, and time.  Drivers also had to

11   input trip information into the onboard computer system.   Nevertheless, Defendant did not

12   schedule meal periods, or include an activity code for meal periods, or monitor compliance with

13   California meal period requirements.

14   **E.**    **Defendant's Failure to Permit Rest Periods**

15        72.    At all times relevant hereto, Labor Code §§ 226.7 and IWC Wage Order No. 9-2001

16   (§ 12) required employers to authorize, permit, and provide a ten (10) minute paid rest for each

17   four (4) hours of work, during which employees are relieved of all duty.

18        73.    Labor Code § 226.7(b) and the applicable IWC Wage Order require employers to

19   pay one hour of additional pay at the regular rate of compensation for each employee and each

20   workday that a proper rest period is not provided.

21        74.    As a matter of policy and/or practice, Defendant did not authorize, permit and

22   provide a paid duty-free ten-minute (10) rest for each four (4) hours of work.

23        75.    Plaintiffs Grewe, Kabel, and VanHorn each regularly worked more than ten (10)

24   hours per day without being authorized, permitted to take, and provided with a paid duty-free ten-

25   minute (10) rest break near the middle of each four-hour (4) work period in accordance with

26   California law, and they did not receive rest period wages for their missed rest periods.

27        76.    Plaintiffs are informed and believe and therefore allege that Defendant did not

28   effectively communicate the California rest period requirements to all Drivers, and did not

- 14 -

Rule 23 Complaint

1  implement a compensation plan mechanism or scheduling accommodations to enable paid rest

2  periods to be taken by all Drivers in accordance with California law.

3      77.   In addition, Defendant did not schedule rest periods, include an activity code for rest

4  periods in the onboard computer system, or provide a means for compensating for rest periods.

5  **F.   Defendant's Failure to Pay Wages Due on Termination**

6      78.   Labor Code § 201 requires an employer that discharges an employee to pay

7  compensation due and owing to said employee immediately upon discharge.  Labor Code § 202

8  requires an employer to pay an employee who quits any compensation due and owing to said

9  employee within seventy-two (72) hours of an employee's resignation.  Labor Code § 203 provides

10 that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as

11 required under §§ 201 and 202, then the employer is liable for waiting time penalties in the form of

12 continued compensation for up to thirty (30) work days.

13     79.   Defendant willfully failed to timely pay all compensation owed to Drivers upon

14 termination, including wages owed to Plaintiffs for performing the Common Unpaid Tasks

15 performed herein, for completing all deliveries, for Waiting Time, and for driving actual but unpaid

16 miles in route.  As a result, Defendant is liable both for accrued wages due at termination and for

17 waiting time penalties.

18              **VII.   CLASS ACTION ALLEGATIONS**

19     80.   Plaintiffs bring this action individually and as a class action on behalf of a proposed

20 "Class" defined as follows:

21         All California-based employees of Schneider National Carriers, Inc.,
           at any time from November 25, 2004 to the present, employed in one
22         of the following three types of non-salaried positions: (a) Intermodal
           Service Drivers, (b) Dedicated Service Drivers, or (c) Regional
23         Service Drivers.

24     81.   Plaintiffs reserve the right to modify the definition of the Class after further

25 discovery.  All named Plaintiffs and other Class members seek relief under the Labor Code, UCL,

26 and California contract law principles.

27     82.   The Class does not include long-haul service drivers assigned by Schneider National

28 to work beyond the West Region, or bulk chemical and fuel drivers, or persons classified and paid

                              - 15 -
Rule 23 Complaint

by Schneider National strictly as independent contractors.

83.  Plaintiffs further bring this action as a class action on behalf of the following proposed "Subclasses":

(a)  All Intermodal Service Driver members of the Class (the "Intermodal Subclass").

(b)  All Dedicated Service Driver members of the Class (the "Dedicated Subclass").

(c)  All Regional Service Driver members of the Class (the "Regional Subclass").

(d)  All members of the Class who were formerly employed by Defendant as Drivers (the "Former Employee Subclass").

84.  This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a)(1)-(4), (b)(3), and consistent with California Code of Civil Procedure 382.

85.  The action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements thereof.

86.  *Numerosity of the Class*.  The members of the Class are so numerous that the individual joinder of all members is impracticable.  While the exact number and identities of Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery directed to Defendant. Plaintiffs are informed and believe and therefore allege that there are more than 1000 members of the Class and more than 200 members of each Subclass.  The exact number of Class and Subclass members can be ascertained from Defendant's employment records.

87.  *Typicality of Claims*.  Plaintiffs are informed and believe and therefore allege that Plaintiffs' claims are typical of the claims of the members of the Class, and Plaintiffs' interests are consistent with and not antagonistic to those of the other Class members they seek to represent. Plaintiffs and all members of the Class have sustained damages and face irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The damages sustained by each member of the Class were caused directly by Defendant's wrongful conduct, as alleged

- 16 -

Rule 23 Complaint

herein.  In particular. Defendant treated Plaintiffs and other Class members in a substantially similar manner with respect to the claims asserted herein, and such claims arise out of a common course of conduct as asserted herein.

88.     *Adequacy of Representation*.  Plaintiffs are informed and believe and therefore allege that Plaintiffs will fairly and adequately protect the interests of the members of the Class and Subclasses.  Plaintiffs are members of the Class and Subclasses. and Plaintiffs' claims are not antagonistic to those of the other Class and Sublcass members.  Plaintiffs have retained attorneys who are experienced in the prosecution of complex class actions and employment cases. and Plaintiffs intend to prosecute this action vigorously for the benefit of the Class.

89.     *Commonality and Predominance*.  Common questions of law and fact exist as to all members of the Class, and the common questions predominate over any questions affecting only individual members of the Class.

Common Class Questions:

The common legal and factual questions, which do not vary among Class members, and which may be determined without reference to the individual circumstances of any Class member include. but are not limited to, the following:

(a)     Whether Defendant's compensation schemes compensated Drivers for all hours worked performing the Common Unpaid Tasks:

(b)     Whether Defendant's compensation schemes compensated Drivers for all Waiting Time;

(c)     Whether Dedicated Service Drivers and/or Regional Service Drivers were compensated for all non-driving tasks associated with making deliveries. including waiting for shipments to be loaded or unloaded. absent Load Pay;

(d)     Whether Defendant's mileage payments based on the HHMG Shortest Route Estimates fully and fairly compensated for all miles driven;

(e)     Whether Defendant failed to pay minimum wages due to each Class member for each hour worked in violation of Labor Code §§ 1182.11. 1182.12. 1194. 1194.2. 1197. IWC Wage Order No. 9-2001 (§ 4);

- 17 -

Rule 23 Complaint

1        (f)     Whether Defendant failed to pay wages due to each Class member for each
2   hour worked at the rate designated by statute and/or contract in violation of Labor Code §§
3   221 and 223, and IWC Wage Order No. 9-2001;

4        (g)     Whether Defendant failed to provide legally required meal periods due to
5   each class member in violation of Labor Code §§ 226.7 and 512, and IWC Wage Order No.
6   9-2001 (§ 11);

7        (h)     Whether Defendant failed to authorize, permit and provide rest periods due
8   to each class member in violation of Labor Code § 226.7 and IWC Wage Order No. 9-2001
9   (§ 12);

10       (i)     Whether Defendant failed to maintain adequate and accurate records of work
11  performed by members of the Class;

12       (j)     Whether Defendant failed to provide accurate itemized wage statements to
13  each Class member in violation of Labor Code § 226 and the applicable IWC Wage Order;

14       (k)     Whether Defendant violated Labor Code §§ 201-202 by failing to pay each
15  former employee member of the Class all wages due on termination of employment;

16       (l)     Whether Defendant's conduct constitutes unfair and/or unlawful business
17  practices under the UCL;

18       (m)     Whether Class members are entitled to compensatory damages requiring
19  Defendant to pay Class members for unpaid minimum wages or wages at the designated
20  rates;

21       (n)     Whether Class members are entitled to liquidated damages from Defendant
22  for unpaid minimum wages under Labor Code § 1194.2;

23       (o)     Whether Class members are entitled to restitution of minimum wages, or
24  wages at less than the designated rates, withheld by Defendant;

25       (p)     Whether Class members are entitled to restitution of meal period wages;

26       (q)     Whether Class members are entitled to restitution of rest period wages;

27       (r)     Whether Defendant is liable for pre-judgment interest;

28       (s)     Whether Defendant is liable for attorneys' fees and costs; and

- 18 -

Rule 23 Complaint

1   (t) Whether Defendant is liable to Class members for statutory penalties for

2 unpaid wages (e.g., under Labor Code § 203, § 226(e)).

3   90. ***Superiority***.  A class action is superior to other available methods for the fair and

4 efficient adjudication of this controversy, since individual litigation of the claims of all Class

5 members is impracticable.  Even if every Class member could afford individual litigation, the court

6 system could not.  It would be unduly burdensome to the courts in which individual litigation of

7 numerous cases would proceed.

8   91. Individualized litigation would also magnify the delay and expense to all parties and

9 to the court system resulting from multiple trials of the same factual issues.  By contrast, the

10 conduct of this action as a class action, with respect to some or all of the issues presented herein,

11 presents few management difficulties, conserves the resources of the parties and of the court

12 system, and protects the rights of each Class member.  Plaintiffs anticipate no difficulty in the

13 management of this action as a class action.

14   92. The prosecution of separate actions by individual Class members may create a risk

15 of adjudications with respect to them that would, as a practical matter, be dispositive of the

16 interests of the other Class members not parties to such adjudications or that would substantially

17 impair or impede the ability of such non-party Class members to protect their interests.

18   93. The prosecution of individual actions by Class members would establish

19 inconsistent standards of conduct for Defendant.

20   94. Furthermore, Class treatment relaxes the fear that current employees may have

21 about retaliation if they were to bring individual suits against their employer.  On the other hand,

22 requiring individual actions would preclude meaningful access to court by current employees who

23 fear employer retaliation.

24   95. Further still, Class members have little interest in prosecuting individual actions,

25 and it would be highly desirable to concentrate this litigation in a single federal district court.

26

27

28

- 19 -

Rule 23 Complaint

## VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

**(Failure to Pay Minimum Wages
for All Hours Worked)**

96.    The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

97.    Pursuant to California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and the applicable IWC Wage Order, Plaintiffs may bring a civil action for unpaid minimum wages directly against the employer.

98.    At all relevant times herein, the applicable Labor Code and IWC Wage Order referenced herein applied to Plaintiffs and Class members employed with Defendant.

99.    At all relevant times herein, §§ 1182.11, 1182.12, 1194, 1197, and the applicable IWC Wage Order, provided for payment of state-law minimum wages at the rate described therein.

100.    Defendant's compensation schemes did not fairly compensate Drivers for Waiting Time or other hours worked performing Common Unpaid Tasks.   Moreover, Defendant's compensation schemes for Dedicated Service Drivers and Regional Service Drivers also failed to provide Load Pay for delivering shipments.   As a result, Defendant suffered or permitted Class members to perform work without compensation, while subject to the Defendant's control.

101.    Defendant has intentionally and improperly failed to make payment of minimum wages and other benefits to Plaintiffs and Class members, in violation of the Labor Code, applicable regulations, and the IWC Wage Orders.

102.    Defendant owes Plaintiffs and each Class member minimum wages and liquidated damages pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197, and the applicable IWC Wage Order, according to proof at trial of the hours worked during the three (3) years prior to the filing of the First-Filed Complaint up to and including the present.

103.    Plaintiffs and the other Class members request payment of unpaid minimum wages according to proof, interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

- 20 -

Rule 23 Complaint

104.   Plaintiffs and the other Class members also request relief as described below.

## SECOND CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure to Pay Minimum Wages
for Actual Miles Driven)

105.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

106.   Pursuant to California Labor Code §§ 1182.11, 1182.12, 1194, 1197, and the applicable IWC Wage Order, Plaintiffs may bring a civil action for unpaid minimum wages directly against the employer.

107.   At all relevant times herein, the applicable Labor Code and IWC Wage Orders referenced herein applied to Plaintiffs and Class members' employed with Defendant.

108.   At all relevant times herein, §§ 1182.11, 1182.12, 1194, 1197, and the applicable IWC Wage Order, provided for payment of state-law minimum wages.

109.   Defendant engaged Class members to drive trucks in the course and scope of employment.   Defendant agreed to compensate for driving work through mileage-based compensation. However, Defendant's compensation schemes only covered wages for a portion of the miles actually driven in route based on the HHMG Shortest Route Estimates.   The actual mileage routinely exceeded the HHMG Shortest Route Estimates. Consequently, Defendant failed to pay wages to Class members for the time they actually spent driving the extra miles.

110.   With respect to all extra miles actually driven, Defendant has intentionally and improperly failed to make payment of minimum wages and other benefits to Plaintiffs and Class members, in violation of the Labor Code, applicable regulations, and the IWC Wage Orders.

111.   Defendant owes Plaintiffs and each Class member minimum wages and liquidated damages pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197, and the applicable IWC Wage Order, according to proof at trial of the hours worked during the three (3) years prior to the filing of the First-Filed Complaint up to and including the present.

112.   Plaintiffs and the other Class members request payment of unpaid minimum wages according to proof, interest, attorneys' fees and costs, against Defendant in a sum as provided by

- 21 -

Rule 23 Complaint

the Labor Code and/or other statutes.

113.   Plaintiffs and the other Class members also request relief as described below.

### THIRD CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

#### (Payment of Wage Below Designated Rate for All Hours Worked)

114.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

115.   At all relevant times herein. the applicable Labor Code and IWC Wage Order referenced herein applied to Drivers employed with Defendant.

116.   At all relevant times herein, Labor Code § 223 provided: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

117.   Defendant's compensation scheme purported to compensate Drivers for all hours worked.  In reality, Defendant suffered or permitted Class members to work portions of their day without compensation, all while subject to the Defendant's control.

118.   California law requires employers to pay wages in accordance with a designated wage scale.  Nevertheless. Defendant paid less than minimum wages and less than agreed-upon compensation owed to Plaintiffs and Class members. while purporting to pay the wages designated under California's minimum wage scale and Defendant's employment relationship.  As a result. Defendant's conduct violates Labor Code §§ 221 and 223, and the applicable IWC Wage Order.

119.   Defendant owed and still owes Plaintiffs and each Class member wages pursuant to the Labor Code and IWC Wage Order according to proof at trial of the hours worked during the three (3) years prior to the filing of the First-Filed Complaint. up to and including the present.

120.   Plaintiffs and the other Class members request payment of unpaid wages below the designated rate and according to proof, plus interest. attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

121.   Plaintiffs and the other Class members also request relief as described below.

- 22 -

Rule 23 Complaint

## FOURTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Payment of Wage Below Designated Rate
### for Actual Miles Driven)

122.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

123.   At all relevant times herein, the applicable Labor Code and IWC Wage Order referenced herein applied to Drivers employed with Defendant.

124.   Pursuant to Labor Code § 223, it is unlawful for Defendant to purport to pay the wage designated by statute or by contract while actually paying a lower wage to the employees.

125.   Defendant engaged Class members to drive trucks in the course and scope of employment.   Defendant agreed to compensate for driving work through mileage-based compensation.   However, instead of compensating for all miles actually driven, Defendant only paid wages based on the HHMG Shortest Route Estimates.   The actual mileage routinely exceeded the HHMG Shortest Route Estimates.   Consequently, Defendant failed to pay Class members wages for the time spent actually driving the extra miles.

126.   With respect to all extra miles actually driven, Defendant has intentionally and improperly failed to make payment of wages to Plaintiffs and Class members in accordance with rates designated by statute and contract.   Defendant's conduct violates Labor Code §§ 221 and/or 223, and IWC Wage Order No. 9-2001.

127.   Defendant owes Plaintiffs and each Class member wages pursuant to the Labor Code and the applicable IWC Wage Order according to proof at trial of the hours worked during the three (3) years prior to the filing of the First-Filed Complaint, up to and including the present.

128.   Plaintiffs and the other Class members request payment of unpaid wages below the designated rate and according to proof, plus interest, attorneys' fees and costs, against Defendant in a sum as provided by the Labor Code and/or other statutes.

129.   Plaintiffs and the other Class members also request relief as described below.

- 23 -

Rule 23 Complaint

## FIFTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Breach of Contract of Employment)

130.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

131.   Defendant, as employer, engaged Plaintiffs and the other Drivers, as employees, to drive trucks and make deliveries for Defendant and Defendant's customers.  The existence of this contract of employment is not in dispute.

132.   Schneider National represented that Drivers would be compensated for driving time based on the number of miles driven from Point A to Point B.  Thus, Schneider National was obligated to compensate the Drivers for each mile actually driven in route from the point of origin to the point of destination.

133.   Instead of compensating for all miles actually driven, Defendant only paid wages based on the HHMG Shortest Route Estimates.  The actual mileage routinely exceeded the HHMG Shortest Route Estimates.  Consequently, Defendant failed to pay Class members wages for the time spent actually driving the extra miles.

134.   In breach of its commitment to compensate Drivers for all miles actually driven in route, Schneider National failed and refused to pay for all such miles.

135.   Upon information and belief, Plaintiffs allege that Schneider National purposely elected not to compensate for the extra miles actually driven in route.

136.   The failure to pay for all miles actually driven by the Drivers was neither excused nor justified.  The failure was and is a uniform employment practice which adversely affected all of the Class members.

137.   As a direct and proximate result of Schneider National's breach of the employment agreement, the Class members were damaged in that they were not paid for all of their work.  Defendant owes Plaintiffs and each Class member damages according to proof at trial with respect to the hours worked during the four (4) years prior to the filing of the Complaint, up to and including the present.

138.   Plaintiffs and the other Class members also request relief as described below.

- 24 -

Rule 23 Complaint

## SIXTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

139.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

140.   Schneider National is under an implied duty to act in good faith and deal fairly with its employees in the course of their employment relationship with Schneider National.

141.   Plaintiffs and the other Class members had a right to be compensated for all work performed for the benefit of their employer.

142.   Schneider National's failure and refusal to pay for all miles actually driven by the Class members breached the implied covenant of good faith and fair dealing.  Among other things, Schneider National breached the implied covenant by using compensation schemes that did not fairly compensate for each mile actually driven in route, and by concealing or obscuring the fact that the compensation schemes did not fairly compensate for each mile actually driven in route.

143.   As a direct and proximate result of Schneider National's breach of the implied covenant of good faith and fair dealing, the Class members were damaged in that they were not paid for all of their work.  Plaintiffs and the other Class members are entitled to damages according to proof at trial with respect to the hours worked during the four (4) years prior to the filing of the Complaint, up to and including the present.

144.   Plaintiffs and the other Class members also request relief as described below.

## SEVENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure to Provide Adequate Meal Periods)

145.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

146.   At all times relevant hereto, under Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001 (§ 11), Class members were entitled to a first duty-free 30-minute meal period before working more than 5 hours, and a second duty-free 30-minute meal period before working more than 10 hours per day.

147.   Plaintiffs are informed and believe and therefore allege that, as a matter of policy

- 25 -

Rule 23 Complaint

1  and/or practice. Defendant failed to provide Class members with a first duty-free thirty-minute (30)

2  meal period before working more than five (5) hours. or a second duty-free thirty-minute (30) meal

3  period before working more than ten (10) hours per day.

4      148.    Plaintiffs Grewe. Kabel. and VanHorn each routinely worked more than ten (10)

5  hours per workday without regularly receiving at least two uninterrupted duty-free thirty-minute

6  (30) meal periods in accordance with California law.

7      149.    Plaintiffs are informed and believe and therefore allege that Defendant did not

8  effectively communicate California meal period requirements to all Drivers. did not implement

9  scheduling accommodations to enable proper meal periods to be taken by all Drivers. and did not

10 maintain records of all meal periods (as required by IWC Wage Order No. 9-2001).  Because

11 Defendant failed to provide the legally required meal periods due under Labor Code §§ 226.7 and

12 512. and the applicable IWC Wage Order. the Company is liable to Plaintiffs and each Class

13 Member for one hour of additional pay at the regular rate of compensation for each work day that

14 the proper meal periods were not provided.  Such wages are due for three (3) years prior to the

15 filing of the First-Filed Complaint. up to and including the present.

16     150.    Plaintiffs and the other Class Members also request relief as described below.

17            **EIGHTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW**

18            **(Failure to Authorize, Permit and Provide Adequate Rest Periods)**

19     151.    The preceding paragraphs of this Complaint are realleged and incorporated by

20 reference hereto as though fully set forth herein.

21     152.    At all relevant times herein. Labor Code § 226.7 and IWC Wage Order No. 9-2001

22 (§ 12) effectively provide that employers must authorize. permit. and provide employees with rest

23 periods of ten-minutes (ten) for each four (4) hours of work.

24     153.    Plaintiffs are informed and believe and therefore allege that Defendant failed to

25 authorize. permit. and provide the legally required rest periods.  For example. Defendant did not

26 meaningfully communicate the California rest period requirements to all Drivers. and did not

27 implement a compensation plan mechanism and scheduling accommodations to enable paid rest

28 periods to be taken by all Drivers in accordance with California law.

- 26 -

Rule 23 Complaint

154.   Plaintiffs Grewe. Kabel. and VanHorn each routinely worked more than ten (10) hours per workday without being authorized. permitted to take, and provided with a paid duty-free ten-minute (ten) rest near the middle of each four hour work period. as contemplated under California law.

155.   As a result. Defendant is liable to Plaintiffs and each Class member for one (1) hour of additional pay at the regular rate of compensation for each work day that the proper rest periods were not authorized. permitted. and provided pursuant to Labor Code § 226.7 and the applicable IWC Wage Order.

156   Plaintiffs and the other Class members also request relief as described below.

## NINTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

### (Failure to Provide Accurate Wage Statements)

157.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

158.   Labor Code §§ 226 and IWC Wage Order No. 9-2001 (§ 7) require that employers provide employees with itemized wage statements showing total hours worked. all applicable hourly rates. and proper wage amounts.  This statute and the applicable wage order also require the employer to maintain adequate records of all hours worked. applicable rates. and proper wage amounts.

159.   Labor Code § 226(e) provides in pertinent part that if an employer knowingly and intentionally fails to provide employee's a statement showing the total hours worked. all applicable hourly rates. and proper wages. then the employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation. up to a $4,000 penalty per employee.

160.   Plaintiffs are informed and believe and therefore allege that Defendant has knowingly and intentionally failed to furnish Plaintiffs. and each Class member with timely and accurate itemized wage statements showing the total hours worked. all applicable hourly rates. and proper wage amounts (among other requirements), as required by Labor Code § 226(a) and the corresponding IWC Wage Order.

- 27 -

Rule 23 Complaint

161.   Plaintiffs are informed and believe and therefore allege that Defendant failed to maintain all records required by Labor Code § 226(a) and the corresponding IWC Wage Order (e.g., records of meal breaks).

162.   As a result, Defendant is liable to Plaintiffs and each Class member for the statutory penalties provided by Labor Code § 226(e) for the one (1) year prior to the filing of the First-Filed Complaint, up to and including the present.   Plaintiffs are also entitled to an award of costs and reasonable attorneys' fees under § 226(e).

163.   Plaintiffs and the other Class members also request relief as described below.

### TENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

**(Failure to Pay All Wages Due upon Termination)**

164.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

165.   Labor Code §§ 201-02 generally require an employer to pay all compensation due and owing to each employee upon termination (immediately upon discharge or within 72 hours of resignation).

166.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon termination, then (10) the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

167.   Defendant willfully failed and refused to timely pay all compensation due and owing upon termination to members of the Former Employee Subclass.   As a result, Defendant is liable to these Class members for accrued but unpaid wages, and waiting time penalties, together with interest thereon and attorney's fees and costs, in accordance with California Labor Code § 203.

168.   Plaintiff and the other Class members request further relief as described below.

### ELEVENTH CAUSE OF ACTION UNDER CALIFORNIA STATE LAW

**(Violations of the UCL, Cal. Bus. & Prof. Code §§ 17200, _et seq._)**

169.   The preceding paragraphs of this Complaint are realleged and incorporated by reference hereto as though fully set forth herein.

- 28 -

Rule 23 Complaint

170.   Defendant's acts and practices constitute a continuing and ongoing unlawful and unfair activity prohibited by the UCL, and justify the issuance of restitution and other equitable relief pursuant to Bus. & Prof. Code § 17203.

171.   Labor Code § 90.5(a) articulates the public policy of this State to vigorously enforce minimum labor standards, including the requirements to pay minimum wages pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and IWC Wage Order No. 9-2001; to provide legally required meal periods pursuant to Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order; to permit and provide rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order; to provide accurate itemized wage statements pursuant to Labor Code § 226 and the applicable IWC Wage Order; and to pay all wages on termination of employment pursuant to Labor Code §§ 201-202 and the applicable IWC Wage Order.   Defendant's misconduct includes requiring Drivers to perform the Common Unpaid Tasks without pay, requiring Dedicated Service Drivers and Regional Service Drivers to deliver shipments without pay, failing to pay Drivers for all Waiting Time, failing to pay Drivers for all miles actually driven, purporting to pay Drivers at rates designated by statute and/or contract while paying lower wages, requiring Drivers to work without adequate meal and rest periods, failing to provide accurate itemized wage statements, and failing to provide all wages earned upon termination.   Defendant's conduct directly violates state law, and constitutes unfair and unlawful business acts and practices within the meaning of the UCL.

172.   Through the unfair and unlawful conduct alleged herein, Defendant has acted contrary to the public policy of this State.

173.   Moreover, Defendant has engaged in unlawful business acts and practices by violating Labor Code §§ 201-02, 221, 223, 226, 226.7, 512, 1194, 1197, 1198, and the applicable IWC Order.

174.   Under the provisions of the UCL and for predicate law violations of Labor Code §§ 201-02, 221, 223, 226, 226.7, 512, 1194, 1197, 1198, and the applicable IWC Wage Order, Plaintiffs and each Class member should receive restitution for Defendant's failure to pay minimum wages, designated wages, meal period wages, and rest period wages, in a sum according

- 29 -

Rule 23 Complaint

to proof for the four (4) years preceding the filing of the First-Filed Complaint, up to and including the present.

175.   Plaintiffs are informed and believe and thereon allege that Defendant knew or should have known that Class members were entitled to at least minimum wages for each hour spent performing Common Unpaid Tasks without pay, for each delivery made, for each hour of Waiting Time, and for each mile actually driven in route.  Plaintiffs are informed and believe and thereon allege that Defendant further knew or should have known that Class members were entitled to all designated wages that Defendant purported to pay in accordance with California's minimum wage scale and Defendant's contract of employment.

176.   Plaintiffs are informed and believe and thereon allege that Defendant further knew or should have known that Class members were entitled to meal period and rest period wages, despite the fact that meal and rest periods were not permitted and provided in accordance with California law.

177.   As a result of Defendant's violations of the UCL, Defendant has unjustly enriched itself at the expense of Plaintiffs, the members of the Class, and the general public.

178.   Pursuant to Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and all Class members, request restitution of all sums obtained by Defendant in violation of the UCL for the four (4) years preceding the filing of the First-Filed Complaint, up to and including the present.

179.   Plaintiffs and the members of the Class also request that this Court enter such orders or judgment as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair practices, as provided in the UCL, Bus. & Prof. Code § 17203, and for such other relief as set forth herein.

180.   Plaintiffs have suffered "injuries in fact" and "lost money or property" within the meaning of Bus. & Prof. Code § 17204 and each one has standing to bring this UCL claim.  *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

181.   The conduct of Defendant, as alleged herein, has been and continues to be deleterious to Plaintiffs, the members of the Class, and the general public.  By this action, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code Civ. Proc.

- 30 -

Rule 23 Complaint

§ 1021.5.

182.   Plaintiffs and the other Class members also request relief as described below.

### IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray judgment against Defendant as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION:**

183.   For compensatory damages in an amount according to proof at the time of trial representing the amount of unpaid minimum wage compensation owed to Plaintiffs and Class members for the three (3) years prior to the filing of the First-Filed Complaint up to and including the present;

184.   For liquidated damages in an amount according to proof at the time of trial based on the unpaid minimum wages owed to the Class for the three (3) years prior to the filing of the First-Filed Complaint up to and including the present;

185.   For interest calculated according to law on minimum wages due from the day such amounts were due for the three (3) years prior to the filing of the First-Filed Complaint up to and including the present;

186.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Code of Civil Procedure § 1021.5 and Labor Code § 1194(a); and

**AS TO THE THIRD AND FOURTH CAUSES OF ACTION:**

187.   For compensatory and liquidated damages in an amount according to proof at the time of trial representing the amount of unpaid compensation below the designated wage rates, such wages owing to Plaintiffs and Class members for the three (3) years prior to the filing of the First-Filed Complaint up to and including the present;

188.   For statutory prejudgment interest, due from the three (3) years prior to the filing of the First-Filed Complaint up to and including the present;

189.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Code of Civil Procedure § 1021.5 and Labor Code § 1194(a); and

**AS TO THE FIFTH AND SIXTH CAUSES OF ACTION:**

- 31 -

Rule 23 Complaint

190.   For compensatory damages in an amount according to proof at the time of trial representing the amount of unpaid miles actually driven in route, such compensation due and owing to Plaintiffs and the other Class members for the four (4) years prior to the filing of the Complaint up to and including the present; and

**AS TO THE SEVENTH AND EIGHTH CAUSES OF ACTION:**

191.   For statutory meal period and rest period wages owed to Plaintiffs and Class members pursuant to California Labor Code §§ 226.7 and 512, in an amount according to proof at trial for the three (3) years prior to the filing of the First-Filed Complaint, up to and including the present;

192.   For statutory prejudgment interest calculated according to law on any meal period and rest period wages due from the day such amounts were due for the three (3) years prior to the filing of the First-Filed Complaint, up to and including the present;

193.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to California Code of Civil Procedure § 1021.5; and

**AS TO THE NINTH CAUSE OF ACTION:**

194.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5 and Labor Code § 226(e); and

195.   For any and all penalties described herein, including without limitation Labor Code § 226(e), for one (1) year prior to the filing of the First-Filed Complaint, up to and including the present; and

**AS TO THE TENTH CAUSE OF ACTION:**

196.   For compensatory damages according to proof for accrued but unpaid wages due upon termination or resignation;

197.   For statutory prejudgment interest calculated according to law on any accrued but unpaid wages due from the day such amounts were due;

198.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5;

199.   For any and all statutory penalties described herein, including without limitation

- 32 -

Rule 23 Complaint

Labor Code § 203. for one (1) year prior to the filing of the First-Filed Complaint. up to and including the present; and

### AS TO THE ELEVENTH CAUSE OF ACTION:

200.   For an order that Defendant pay restitution of sums to Plaintiffs and to each Class member for Defendant's past failure to pay wages (including minimum wages. designated wages, meal period wages, rest period wages. and/or other employee benefits) in violation of the UCL. in an amount according to proof. for the four (4) years preceding the filing of the First-Filed Complaint, up to and including the present;

201.   For statutory prejudgment interest calculated according to law (i.e., Labor Code § 218.6, Civil Code § 3289) on any accrued but unpaid wages due from the day such amounts were due;

202.   For reasonable attorneys' fees and the costs of bringing this suit, pursuant to Cal. Code Civ. Proc. § 1021.5; and

### AS TO ALL CAUSES OF ACTION:

203.   For a determination that this action may be maintainted as a Class action under Rule 23(b)(3) with respect to the putative Class identified herein (and with respect to the Intermodal Subclass. Dedicated Subclass. Regional Subclass. and Former Employee Subclass), or alternatively for this Court to certify all issues that may be appropriately certified for class action treatment;

204.   For designation and appointment of Plaintiffs as Class Representatives and their counsel as Class Counsel;

205.   For an award of restitution according to proof for Plaintiffs and Class members;

206.   For an award of interest according to proof for Plaintiffs and Class members;

207.   For the costs of bringing this suit for Plaintiffs and Class members;

208.   For reasonable attorneys' fees for Plaintiffs and Class members; and

209.   For such other relief for Plaintiffs and Class members as this Court may deem just and proper.

- 33 -

Rule 23 Complaint

## X.   JURY TRIAL DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

DATED:  May 21, 2010

HAGENS BERMAN SOBOL SHAPIRO LLP


By _____
            LEE M. GORDON

700 South Flower Street, Suite 2940
Los Angeles, CA  90017-4101
Telephone:  (213) 330-7150

STEVE W. BERMAN
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292

WILLIAM REHWALD
LAWRENCE GLASNER
DANIEL CHALEFF
REHWALD GLASNER & CHALEFF
5855 Topanga Canyon Blvd, Suite 400
Woodland Hills, CA  91357-4600
Telephone:  (818) 703-7500

Attorneys for Plaintiffs and the Putative Class
