**MARLIN & SALTZMAN**
**[LEAD COUNSEL FOR DEDICATED/INTERMODAL DRIVERS]**
Stanley D Saltzman, Esq. (SBN 90058)
29229 Canwood Street, Suite 208
Agoura Hills, California  91301-1555
Telephone:    (818) 991-8080
Facsimile:    (818) 991-8081
ssaltzman@marlinsaltzman.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
**[LEAD COUNSEL FOR REGIONAL DRIVERS]**
Steve W. Berman, Esq.
Lee M. Gordon, Esq. (SBN 174168)
301 N. Lake Avenue, Suite 920
Pasadena, California   91101
Telephone:    (213) 330-7150
Facsimile:    (213) 330-7152
lee@hbsslaw.com

Attorneys for Plaintiffs and Class
(additional counsel listed on next page)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| MORRIS BICKLEY, MICHAEL D. PATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLAS PUMROY, individually and on behalf of all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 4:08-cv-05806-JSW<br>**CLASS ACTION**<br> Consolidated Case No. 4:10-cv-02208-JSW<br>Assigned to Hon. Jeffrey S. White<br>United States District Judge<br><br>**[PROPOSED] ORDER GRANTING** AS MODIFIED **FINAL APPROVAL OF CLASS ACTION SETTLEMENT** AND MOTION FOR APPROVAL OF ATTORNEYS'  FEES, COSTS, AND INCENTIVE AWARDS<br>Date:      October 7, 2016<br>Time:      9:00 a.m.<br>Dept.:     5, Second Floor<br><br>Trial Date:<br>Complaint Filed:       November 25, 2008 |

1  ***Additional Plaintiffs' Counsel***

2  Marcus J. Bradley, Esq. (SBN 174156)
   **BRADLEY GROMBACHER LLP**

3  2815 Towngsgate Road, Suite 130
   Westlake Village, CA  91361

4  Telephone:     (805) 212-5124
   mbradley@bradleygrombacher.com

5  Paul T. Cullen, Esq. (SBN 193575)
   **THE CULLEN LAW FIRM, APC**

6  29229 Canwood Street, Suite 208
   Agoura Hills, California  91301-1555

7  Telephone:     (626) 744-9125; (818) 338-8915
   Facsimile:     (866) 794-5741

8  paul@cullenlegal.com

9  Peter M. Hart, Esq. (SBN 198691)
   **LAW OFFICES OF PETER M. HART**

10  12121 Wilshire Boulevard, Suite 205
    Los Angeles, California  90025

11  Telephone:     (310) 478-5789
    Facsimile:     (509) 561-6441

12  hartpeter@msn.com

13  Kenneth H. Yoon, Esq. (SBN 198443)
    **LAW OFFICES OF KENNETH H. YOON**

14  One Wilshire Blvd., Suite 2200
    Los Angeles, California  90017

15  Telephone:     (213) 612-0988
    Facsimile:     (213) 947-1211

16  kyoon@yoon-law.com

17  Eric Honig, Esq. (SBN 140765)
    **LAW OFFICE OF ERIC HONIG**

18  P.O. Box 10327
    Marina del Rey, California  90295

19  Telephone:     (310) 314-2603
    Facsimile:     (310) 314-2793

20  erichonig@aol.com

21  Steve W. Berman, Esq.
    **HAGENS BERMAN SOBOL SHAPIRO LLP**

22  1918 Eighth Avenue, Suite 3300
    Seattle, Washington  98101

23  Telephone:     (206) 623-7292
    Steve@hbsslaw.com

24  Daniel Chaleff, Esq. (SBN 173028)
    **CHALEFF REHWALD**

25  5855 Topanga Canyon Blvd., Suite 400
    Woodland Hills, California  91367-4600

26  Telephone:     (818) 703-7500
    Facsimile:     (818) 703-7498

27  DChaleff@rehwaldlaw.com

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:08-cv-05806-JSW

Plaintiffs MORRIS BICKLEY, MICHAEL D. PATTON, RAYMOND GREWE, DENNIS VANHORN, and DOUGLAS PUMROY (collectively "Plaintiffs," "Named Plaintiffs," or "Class Representatives") and Defendant SCHNEIDER NATIONAL CARRIERS, INC., a Nevada corporation ("Defendant" or "SCHNEIDER") have reached terms of settlement of a putative class and representative action as set forth in the Class Action Settlement Agreement (Docket # 235-1, hereinafter at times referred to as "Settlement Agreement" or "Agreement"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court hereby GRANTS the Motion for Final Approval of Class Action Settlement.

On May 25, 2016, this Court previously entered an order granting preliminary approval of the proposed Settlement (the "Preliminary Approval Order"), at which time the Court conditionally certified a class and multiple subclasses for settlement purposes as follows:

**All current and former California-based employees of Schneider National Carriers, Inc., at any time from November 25, 2004 to May 25, 2016 (the "Class Period"), employed in one of the following three types of truck driver positions: (a) Intermodal Drivers; (b) Dedicated Drivers; or (c) Regional Drivers.**

"California-based" refers to employees: (i) who had a residential address in California at any time during the Class Period; and/or (ii) who were assigned to or associated with an operating center or operating point located in California at any time during the Class Period. The phrase "assigned to or associated with an operating center or operating point" includes any and all employees listed in Schneider's databases in connection with an operating center or point.

**The Subclasses consist of:**

A. The Dedicated Subclass, which is defined as all Defendants' current and former California-based, local and regional Dedicated Drivers (i.e., the Dedicated Subclass);

B. The Former Dedicated Subclass, which is defined as all Dedicated Drivers who are no longer employed by Defendants herein;

C. The Intermodal Subclass, which is defined as Defendants' current and former California-based, local and regional Intermodal Drivers (i.e., the Intermodal Subclass);

D. The Former Intermodal Subclass, which is defined as all Dedicated Drivers who are no longer employed by Defendants herein;

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:08-cv-05806-JSW

E. The Regional Subclass, which is defined as all Defendant's current and former California based Regional Drivers (i.e., the Regional Subclass);

F. The Former Regional Subclass, which is defined as all Regional Drivers who are no longer employed by Defendant herein.

The Regional Subclass and Former Regional Subclass are further limited to truck drivers:

(i) who had a residential address in California at any time during the Class Period; and (ii) who worked in Schneider's Van/Truckload division; and (iii) who worked in Schneider's western regional services group (i.e., drivers in Schneider's "W1" work configuration); and (iv) who were assigned to or associated with Schneider's French Camp operating center or Schneider's Fontana operating center.

Excluded from the Settlement Class/Subclasses is any person who submits a valid and timely request for exclusion.

Having completed the process of providing notice to the 7,700 members of the Settlement Class (as defined in the Settlement Agreement), and with only two (2) objectors having come forward (one Class Member and one non-Class Member filing a joint objection), Plaintiffs move for final approval of the Settlement of this previously certified class action.

Plaintiffs also move for an award of attorneys' fees, reimbursement of costs, and incentive awards on behalf of the Class Representatives, as well as payment of administrative expenses to the Settlement Administrator and payment to the California Labor and Workforce Development Agency ("LWDA") pursuant to the California Private Attorneys general Act of 2004, Cal. Labor Code §2698 *et seq.* ("PAGA").

After reviewing the Settlement Agreement, Plaintiffs' Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Incentive Awards (Docket # 254), and other related documents, and having heard the argument of the Attorneys for the respective Parties,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Court has jurisdiction over the Parties to this action, including all members of the Settlement Class as defined in the Settlement Agreement.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:08-cv-05806-JSW

2.  For the reasons set forth in the Order Overruling Objections to Class Action Settlement (Dkt. No. 288),

2.  The objections filed by Mr. Walter Ellis and Mr. Randall Pittman are overruled and found to be without merit.  Moreover, the Court finds that Mr. Pittman is not a class member and thus, has no standing to object to this settlement.  ~~No further objections will be considered by the Court.  Settlement Class Members who did not timely object to the Settlement as set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order or Final Judgment of this action.~~

3.  The Court finds, consistent with its Order on Motion for Certification, Docket No. 168, that the proposed Settlement Class (which includes the Subclasses identified above) satisfies the applicable standards for certification under Federal Rule of Civil Procedure 23.  The requirements of Rule 23(a) are satisfied because the Settlement Class is so numerous that joinder of all Settlement Class members is impracticable, there are questions of law or fact common to the Settlement Class, the claims of Plaintiffs are typical of the claims of the Settlement Class, and Plaintiffs will fairly and adequately protect the interest of the Settlement Class.  The requirements of Rule 23(b)(3) are satisfied because questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members, and the class action device is superior to other available methods for fairly and efficiently adjudicating this controversy.  Accordingly, the Court hereby certifies the Settlement Class.

4.  The Court hereby grants final approval of the Settlement as it meets the criteria for final settlement approval.  The Settlement is fair, adequate, and reasonable; appears to be the product of arm's-length and informed negotiations; and treats all Settlement Class Members fairly.

5.  The Notice of Proposed Class Action Settlement and Hearing ("Settlement Notice") approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Settlement Class Members, after first processing such addresses through the U.S. Postal Service change-of-address database.  Follow-up efforts were made to send the Settlement Notice to those individuals whose original Settlement Notices were returned as undeliverable.  The distribution of the Settlement Notice directed to the Class Members has been completed in substantial conformity with the Preliminary Approval Order. The Settlement Notice

adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the right of Settlement Class Members to opt out of or object to the Settlement and the procedures for doing so, the request for incentive payments to the Class Representatives, and Settlement Class Counsel's request for an award of attorneys' fees and costs.

6.     The Court has determined that the Settlement Notice given to the Settlement Class fully and accurately informed the Settlement Class of all material elements of the proposed Settlement, constituted the best practicable notice to all members of the Settlement Class, and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

7.     The Settlement Class includes those persons identified on the updated Class list that Defendant provided to the Settlement Administrator for purposes of distributing the Settlement Notice, but excludes the following persons who filed a timely exclusion in response to the Settlement Notice:  (1) Gary Burch; (2) Rodney Drinnen; (3) Scott Walker; (4) Ralph Turner III; and (5) James Wilhite.

8.     The Court hereby orders that all participating Settlement Class Members and the LWDA have released all claims or causes of action settled under the terms of Paragraphs 35 and 36 of the Settlement Agreement.  All participating Settlement Class Members and the LWDA are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by Paragraphs 35 and 36 of the Settlement Agreement.

9.     The Settlement embodied in the Settlement Agreement is not an admission by Defendant nor is this Order a finding of the validity of any claims in the Litigation or of any wrongdoing by Defendant.  Neither this Order, nor the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the terms of the Settlement Agreement may be construed as, or may be used as, an admission by or against Defendant of any fault, wrongdoing, or liability whatsoever.

/ / /

4
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:08-cv-05806-JSW

10.     The $28,000,000.00 Settlement Fund shall be dispersed in accordance with the Settlement Agreement, net of approved deductions.

11.     For purposes of final approval of the Settlement, and on behalf of the Settlement Class, the Court hereby reaffirms its prior appointment of Plaintiffs Morris Bickley, Michael D. Patton, Raymond Grewe, Dennis Vanhorn, and Douglas Pumroy as Class Representatives.  The Court finds that the Class Representatives provided valuable services to the Settlement Class for which a monetary recovery was obtained.  The Court awards each Class Representative an incentive award of $15,000 as fair and reasonable compensation for his services.  All of the incentive awards will be paid from the Settlement Fund as set forth in the Settlement Agreement.

12.     The Court hereby directs payment of $75,000.00 to the Settlement Administrator, CPT Group, Inc., for payment of administration expenses from the Settlement Fund.

13.     The Court approves the settlement of PAGA claims under the Settlement Agreement, and authorizes payment to the LWDA from the Settlement Fund in accordance with the Settlement Agreement (75% of $75,000.00).

14.     The Court hereby reaffirms its appointment of Class Counsel as follows:  Marlin & Saltzman (as lead counsel for the Dedicated and Intermodal Subclasses) and Hagens Berman Sobol Shapiro LLP (as lead counsel for the Regional Subclasses).

15.     The Court finds that Plaintiffs' counsel has advanced legal theories and provided legal services on a wholly contingent basis for a number of years, and their efforts have resulted in a substantial monetary recovery for the Settlement Class.  Upon consideration of the relevant factors and the evidence submitted by Plaintiffs' counsel, Plaintiffs' application for attorneys' fees in the amount of $9,333,333.33 and reimbursement of litigation costs in the amount of $233,811.81 is granted as requested in the Motion for Approval of Attorneys' Fees, Costs, and Incentive Awards (Docket #254).  The attorneys' fees are to be paid in accordance with the Settlement Agreement. The fees awarded constitute a reasonable percentage of the common fund (one-third or 33 ⅓%) for a wage and hour class action and Settlement of this type.  Moreover, the fees awarded have been cross-checked against Plaintiffs' counsel's lodestar ($5,134,545 as of the filing of the fee motion,

1    based on more than 8,972 hours of attorney and paralegal time), reflecting a fair multiplier of 1.81.

2        16.    In the event that any checks mailed to Settlement Class Members remain uncashed

3    after the expiration of 180 days, or an envelope mailed to a Settlement Class Member is returned and

4    no forwarding address can be located for the Settlement Class Member after reasonable efforts have

5    been made, then any such funds shall be transmitted by the Settlement Administrator pursuant to

6    governing California law to the California Unclaimed Property Fund, to be held there in the name of

7    and for the benefit of such class members under California's escheatment laws.

8        17.    The Court finds that no just reason exists for delay in entering Final Judgment based

9    on this Final Approval Order.  Accordingly, ~~the Clerk is hereby directed to enter this Order as a~~

10   ~~Final Judgment.~~  the Court will enter a separate judgment.

11       18.    The Court hereby orders that, without affecting the finality of the Final Judgment, it

12   reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing,

13   enforcing, and/or administering the Settlement or enforcing the terms of the Final Judgment, for a period of six months after the date of this order.

14       19.    Upon entry of the Final Judgment, the Consolidated Fourth Amended Complaint filed

15   on May 18, 2011 in this action shall be dismissed in its entirety with prejudice.

16   **IT IS SO ORDERED.**

17

18

19   DATED: ___October 13, 2016___                          _Jeffrey S. White_____

20                                                          Hon. Jeffrey S. White
                                                           United States District Judge

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 4:08-cv-05806-JSW